UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>██████████████████████████<br>(2) ERICA VIEIRA,<br>(3) NEYLTON FONTES, and<br>██████████████████████<br><br>Defendants | ) Criminal No.   22cr10259<br>) <br>) Violations:<br>) <br>) Count One: Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, and 100 Grams and More of a Fentanyl Analogue<br>) (21 U.S.C. §§ 846, 841(b)(1)(A)(vi), 841(b)(1)(B)(vi), and 841(b)(1)(B)(ii))<br>) <br>) Count Two: Possession with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, and 100 Grams and More of a Fentanyl Analogue; Aiding and Abetting<br>) (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B)(ii); 18 U.S.C. § 2)<br>) <br>) Count Three: Possession with Intent to Distribute Cocaine and 40 Grams and More of Fentanyl; Aiding and Abetting<br>) (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)<br>) <br>) Count Four: ████████████████<br>) ████████████████<br>) <br>) Drug Forfeiture Allegation:<br>) (21 U.S.C. § 853)<br>) <br>) ████████████████ |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and Possess with Intent to Distribute
500 Grams and More of Cocaine, 400 Grams and More of Fentanyl,
100 Grams and More of a Fentanyl Analogue
(21 U.S.C. §§ 846, 841(b)(1)(A)(vi), 841(b)(1)(B)(vi), and 841(b)(1)(B)(ii))

The Grand Jury charges:

From a time unknown to the Grand Jury, and continuing until at least January 2021, in Quincy and Weymouth, in the District of Massachusetts, and elsewhere, the defendants,

(2) ERICA VIEIRA,
(3) NEYLTON FONTES,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is

applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, ERICA VIEIRA. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi), is applicable to ERICA VIEIRA.

It is further alleged that, with respect to Count One, 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, ▬▬▬▬ NEYLTON FONTES, and ▬▬▬▬ Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi), is applicable to ▬▬▬▬ NEYLTON FONTES, and ▬▬▬▬

It is further alleged that the offense charged in Count One involved 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, ERICA VIEIRA. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii), is applicable to ERICA VIEIRA.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

Possession with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, and 100 Grams and More of a Fentanyl Analogue; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B)(ii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about January 11, 2021, in Weymouth, in the District of Massachusetts, and elsewhere, the defendant,

### ERICA VIEIRA,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

It is further alleged that the offense charged in Count Two involved 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that the offense charged in Count Two involved 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to this Count.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT THREE

Possession with Intent to Distribute
Cocaine and 40 Grams and More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about January 11, 2021, in a vehicle in Weymouth, in the District of Massachusetts, and elsewhere, the defendants,

███████████,

NEYLTON FONTES, and

███████████

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT FOUR



## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846 set forth in Counts One, Two, and Three, the defendants,

(2) ERICA VIEIRA,
(3) NEYLTON FONTES, and

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following asset(s):

    a. a 2020 Jeep Cherokee, model number WKJP74, with Vehicle Identification Number 1C4RJFBG0LC327633.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.





A TRUE BILL

/s/ Foy S.
FOREPERSON

KAITLIN R. O'DONNELL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 28, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn  9/28/22 @ 3:40pm.
DEPUTY CLERK

12